Argued and submitted October 15,
reversed and remanded for trial December 31, 1979

# STATE OF OREGON,
*Appellant,*

*v.*

# CHRISTOPHER BARRETT COHN,
*Respondent.*

## (No. 78-38056, CA 14280)

607 P2d 729

Ronald R. Sticka, Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief was J. Pat Horton, District Attorney, Eugene.

David J. Phillips, Public Defender Services of Lane County, Inc., Eugene, argued the cause for respondent. With him on the brief was Ross M. Shepard, Eugene.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

The state appeals from an order suppressing statements made by defendant at the time of booking on the ground that the state had failed to show beyond a reasonable doubt that the statements were made voluntarily without any coercion.[1]

The essential facts are undisputed:

Defendant was stopped for displaying a white rear light on his vehicle. ORS 483.406. The officer asked defendant his name and defendant responded "Brian Lloyd Johnson" and gave a date of birth. Because defendant had no license, the officer made a check and discovered there was no record of a license issued to anyone by that name. Defendant was then arrested for driving without a license and taken to the police station. At the booking desk, defendant was again asked his name. This time he gave his real name and stated spontaneously that his license was suspended because he forgot to go to court. At no time was he given *Miranda* warnings prior to making the statement.

In requiring proof of voluntariness beyond a reasonable doubt, the trial court erred. In *State v. Brewton*, 238 Or 590, 395 P2d 874 (1964), the court stated that at a suppression hearing the state need only prove "to the satisfaction of the court" that the statements were made voluntarily. 238 Or at 603. This standard falls short of the "beyond a reasonable doubt" standard applicable to proof of the substantive offense at trial. *See Lego v. Twomey*, 404 US 477, 479 n 1, 92 S Ct 619, 30 L Ed 2d 618 (1972). In meeting its burden of proving voluntariness to the court's satisfaction, it is

---

[1] The trial judge held:

"Based upon the above findings and the record in this case, the Court is unable to find that the State has shown beyond a reasonable doubt that the defendant's statements were made voluntarily or without any coercion and are therefore inadmissible as evidence against the defendant. The Court likewise is unable, and does not find, that the statements of the defendant were made involuntarily or without any coercion whatsoever."

[915]

not necessary that the state produce affirmative evidence that no threats, promises or other coercive tactics were employed, so long as the evidence is otherwise sufficient.

Under the test set forth in *State v. Warner*, 284 Or 147, 158, 585 P2d 681 (1978), we are not bound by the trial court's ultimate finding as to voluntariness. Since a full hearing was held on the matter and historical facts found therefrom, it would be pointless to remand for a determination by the trial court under the appropriate standard. From the circumstances presented here, we find as a matter of law that the statements were voluntarily made.

Failure to give *Miranda* warnings renders inadmissible only those statements which are the product of custodial interrogation. *Miranda v. Arizona*, 384 US 436, 467-68, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966). Questions of a routine administrative nature, such as a defendant's name and whether he had a driver's license, do not constitute custodial interrogation. *State v. Whitlow*, 13 Or App 607, 613, 510 P2d 1354, *rev den* (1973); *State v. Rodriguez*, 37 Or App 355, 358-59, 587 P2d 487 (1978), *rev den* 285 Or 319 (1979). At booking, defendant apparently weighed the consequences of telling the truth and lying a second time about his name. His explanation of the status of his license must be deemed volunteered, because it was unresponsive and in no way solicited by the question. *State v. Rodriguez, supra* at 360.

Reversed and remanded for trial.